**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **LORI CHAVEZ-DEREMER**, Secretary of the United States Department of Labor, | * | |
| | * | |
| *Plaintiff*, | * | |
| | * | |
| v. | | Civil No. 23-836-JRR |
| | * | |
| **PROTECTIVE SERVICE OFFICERS UNITED**, | * | |
| | * | |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**FINAL STATUS REPORT CERTIFYING UNION ELECTION**

Pursuant to the Court's ORDERs of June 10, 2025 [ECF No. 47] and December 2, 2025 [ECF No. 55], the Parties jointly file the following FINAL STATUS REPORT with the Court.

On March 27, 2023, the plaintiff Lori Chavez-DeRemer, Secretary of Labor,[1] United States Department of Labor ("DOL"), filed its COMPLAINT [ECF No. 1] with the Court pursuant to Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-83, seeking to have the Court:

(1)    declare that the September 30, 2022 election of union officers conducted by defendant Protective Service Officers United ("PSOU") for the offices of President and three Trustees was void, and

(2)    direct PSOU to conduct a new election for these aforesaid offices under the DOL's supervision.

On May 20, 2025, the Court entered an ORDER [ECF No. 43] granting the DOL's requested relief, ordering that:

---

[1] When this action was filed, Julie A. Su, the then-Acting Secretary of the Department of Labor, was properly named as the party-plaintiff. *See*, *e.g.*, 29 U.S.C. § 482(b) ("The Secretary [shall] bring an action against the labor organization in the district court of the United States. . . ."). Lori Chavez-DeRemer was sworn in as Secretary of the U.S. Department of Labor on March 11, 2025. Pursuant to the Federal Rules, "when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending [the] officer's successor is automatically substituted as a party." FED. R. CIV. P. 25(d).

Defendant's September 30, 2022, Election of union officers for the offices of President and three Trustees is **VOID and of no effect**; and further it is

**ORDERED** that Defendant shall **CONDUCT A NEW ELECTION** for the aforementioned officers under the Secretary's supervision;

In a subsequent ORDER dated June 10, 2025 [ECF No.47], the Court further directed that:

Upon completion of the new election, the Secretary shall promptly certify to the court the names of the persons elected;

The court, upon receipt of the Secretary's certification, shall enter a decree declaring such persons to be officers of the Defendant, the Protective Service Officers United, consistent with the provisions of 29 U.S.C. § 482(c);

The court shall retain jurisdiction of this case until the Secretary files the above-mentioned certification and until the court enters the above-mentioned decree;

This case is **STAYED** until the filing of the Secretary's certification as outlined above; and

The parties shall file joint status reports on the earlier of every 60 days or the filing of the Secretary's certification.

Thereafter, on September 2, 2025, PSOs United filed its STATUS REPORT [ECF No. 49] and the Parties filed a SUPPLEMENT TO JOINT STATUS REPORT [ECF No. 52] with the Court. In that filing, the Parties indicated that the ballot tally had been scheduled for September 27, 2025 and the elected officers were scheduled to be installed on October 1, 2025.

With this present pleading, the DOL now respectfully informs the Court that a new election for union officers has been conducted by PSOs United under the supervision of the DOL. To that end, attached hereto as "Exhibit A" is the CERTIFICATION OF ELECTION BY UNITED STATES DEPARTMENT OF LABOR which includes the DECLARATION OF MOLLY WAGONER [Ex. A-1] setting out the details of the election process.

In light of the DOL's certification, plaintiff Lori Chavez-DeRemer, Secretary of Labor, United States Department of Labor, respectfully requests that the Court enter a final order herein

declaring the election results set out in Exhibit A as valid pursuant to 29 U.S.C. § 482(c) and

thereafter relinquishing further retention of jurisdiction in this matter.

Respectfully submitted,

Kelly O. Hayes
Unites States Attorney

/s/ *Justin P. Keating* (with permission)         /s/ *Charles R. Gayle*
Justin P. Keating (Bar No. 17072)                 Charles R. Gayle (Bar No. 14706)
Rodney W. Harrell (Bar No. 30678)                 Assistant United States Attorney
BEINS, AXELROAD & KEATING, P.C.                   36 South Charles Street
1800 Diagonal Rd., Suite 600                      Fourth Floor
Alexandria, VA 22314                              Baltimore, MD 21201
703-966-3193                                      410-209-4845
jkeating@beinsaxelrod.com                         charles.gayle@usdoj.gov
rharrel@beinsaxelroad.com